UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MIGUEL ESTREMERA CASIANO,

                Petitioner,

-against-

NEW YORK STATE NIAGARA COUNTY,

                Respondent.

24-CV-3850 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently detained in the Niagara County Correctional Facility, submitted to this court a petition seeking "to vacate and dismiss [his] indictment due to multiple violations to his constitutional rights." (ECF 1, at 1.) For the following reasons, the Court construes this action as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, and transfers it to the United States District Court for the Western District of New York.

## DISCUSSION

Because Petitioner, who is a pretrial detainee, brings this petition to challenge his detention and aspects of his ongoing criminal proceedings in Niagara County, the Court construes his pleading as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[1] A prisoner in state custody generally must challenge his or her incarceration in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, but relief in a Section 2241 petition may be available to a state pretrial detainee challenging his or her custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191 , 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2011); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on*

---

[1] Nothing in this order should interfere with the transferee court's discretion to liberally construe the pleading as something other than a Section 2241 petition.

*other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

In order to entertain a *habeas corpus* petition under Section 2241, however, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district court for the judicial district of his or her confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained in the Niagara County Correctional Facility, which is located in Niagara County, within the Western District of New York. *See* 28 U.S.C. § 112(d). Therefore, in the interest of justice, this Court transfers this action to the United States District Court for the Western District of New York. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this action in this court.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 17, 2024
New York, New York

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge